UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NUR SHEIKH-ELMI,<br><br>Petitioner,<br><br>v.<br><br>NORTHWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER and PAMELA BONDI,<br><br>Respondents. | CASE NO. 2:25-cv-00850-JNW<br><br>ORDER ON RESPONDENTS' MOTION FOR RECONSIDERATION |

## 1. INTRODUCTION

Respondents Northwest Immigration and Customs Enforcement Processing Center and Pamela Bondi (together, the "Government") move for reconsideration of the Court's Temporary Restraining Order (TRO), enjoining the removal of Petitioner Nur Sheikh-Elmi from the United States. Dkt. No. 12.

"Motions for reconsideration are disfavored," LCR 7(h)(1), and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH*

ORDER ON RESPONDENTS' MOTION FOR RECONSIDERATION - 1

*& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)). "Whether . . . to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Government argues that the Court erred by allowing Sheikh-Elmi's mother Halima Magan Warsame, a non-attorney, to proceed on her Sheikh-Elmi's behalf as a Next Friend. *Id.* at 2. The Government is correct on this limited point. Although Warsame has established Next Friend standing, she cannot litigate the action without counsel. Thus, the Court GRANTS in part the Government's motion for reconsideration and ORDERS Warsame to obtain counsel to proceed with this action.

## 2. DISCUSSION

To begin, the Court notes that the Government could have raised these procedural issues earlier in the proceedings. Rather than filing a substantive opposition to Sheikh-Elmi's TRO motion that addressed the Next Friend question, the Government filed only a brief notice of intent to oppose that did not address the issue at all. This approach required the Court to decide the motion without the benefit of complete adversarial briefing on a key point. The Next Friend representation issue would have been more appropriately raised in an opposition rather than through an after-the-fact motion for reconsideration.

**2.1    Warsame must obtain counsel to proceed with this action.**

The Government correctly argues that non-attorney Next Friends cannot represent others pro se in federal court. Dkt. No. 12 at 2. The Ninth Circuit has consistently prohibited non-lawyers from representing others in litigation, even family members. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); *see also United States v. French*, 748 F.3d 922, 933 (9th Cir. 2014) (noting the "well-settled rule against lay representation").

This prohibition applies in habeas cases as well. *Abdul-Ali ex rel. Stevenson v. California*, No. CV 19-10726-ODW (PLA), 2019 WL 7284942, at *3 (C.D. Cal. Dec. 27, 2019) ("[A] 'next friend' may not proceed with a habeas action on behalf of another without an attorney as a non-attorney has no authority to appear on behalf of anyone else[]"); *Pinson v. Blanckensee*, 834 F. App'x 427, 428 (9th Cir. 2021) (affirming a district court's decision to dismiss a habeas petition, finding a "non-attorney[] cannot represent others in court"); *Roe v. Suter*, 165 F.3d 917 (9th Cir. 1998) ("We affirm the dismissal on a different ground: a "next friend" who is neither an attorney nor represented by one may not bring a lawsuit on behalf of minor or incompetent plaintiffs.").

While the Next Friend doctrine allows Warsame to initiate and maintain the action as Sheikh-Elmi's representative, it does not permit her to litigate the case without counsel. Compliance with this requirement protects Sheikh-Elmi's legal interests by ensuring competent representation. *See Bush v. Goodall*, 732 F. App'x

135, 137 (3d Cir. 2018) ("The rule prohibiting a next friend from litigating pro se on behalf of another person exists to protect the rights of the represented party.").

Thus, while Warsame may properly serve as Sheikh-Elmi's Next Friend to initiate this action, *see* Section 2.2 below, she must obtain legal representation to continue litigating the case on his behalf.

### 2.2 The Court maintains its earlier findings about Sheikh-Elmi's capacity to litigate on his own behalf.

The Governments argument that Sheikh-Elmi is capable of litigating on his own is not persuasive. Dkt. No. 12 at 3. True, Sheikh-Elmi, through counsel, has been actively litigating a related habeas case, but the record here contains medical evidence under seal supporting Warsame's assertion that her son is experiencing severe health conditions which prevent him from pursuing his claim.

At this early stage in the proceedings, the Court need only make preliminary factual findings. *See Vargas v. Lambert*, 159 F.3d 1161, 1171 (9th Cir. 1998) (holding that a prisoner's mother had standing to pursue a stay of execution to permit the state court to conduct a current competency hearing). The Court's findings here are adequately supported by the sealed medical evaluations.

As a result, the Court maintains its earlier conclusion that Warsame has established Next Friend standing, at least for now.

### 3. CONCLUSION

The Court GRANTS IN PART the Government's motion for reconsideration Dkt. No. 12. While Warsame has established Next Friend standing, she cannot proceed without counsel. Procedural rules serve important purposes in our legal

system, but they should not elevate form over substance where, as here, Warsame has raised serious questions going to the merits and demonstrated irreparable harm absent relief.

Warsame is ORDERED to obtain counsel within TWENTY-ONE (21) days of this Order. Failure to do so will result in dismissal of this action without prejudice.

The Court's previously issued TRO, Dkt. No. 11, will remain in effect for SEVEN (7) days from the date of this Order to maintain the status quo while Warsame secures representation. The extra time is warranted in part because Warsame has not signed up for electronic filing, so it will take at least three days for her to receive a copy of this Order. *Cf.* Fed. R. Civ. P. 6(d) (adding three days "[w]hen a party may or must act within a specified time after being served and service is made" by mail).

Finally, the Court observes that Sheikh-Elmi is already represented by counsel in a separate habeas action (*Sheikh-Elmi v. Garland et al.*, 2:24-cv-01048-TMC-TLF (W.D. Wash.)). If that counsel wishes to appear here, the Court would welcome the coordination of legal representation across these related proceedings. Alternatively, any attorney retained by Warsame should be prepared to address the procedural relationship between these two cases, including whether the cases should be consolidated.

Dated this 13th day of May, 2025.

Jamal N. Whitehead
United States District Judge