UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NUR SHEIKH-ELMI, <br><br> Petitioner, <br><br> v. <br><br> NORTHWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER and PAMELA BONDI, <br><br> Respondents. | CASE NO. 2:25-cv-00850-JNW <br><br> ORDER ON PENDING MOTIONS |

### 1.   BACKGROUND

This matter comes before the Court on Halima Magan Warsame's motions to reconsider and to appoint counsel. Dkt. No. 21, 22. Warsame is Petitioner Nur Sheikh-Elmi's mother. On May 13, 2025, the Court found that Warsame established Next Friend standing to proceed on Sheikh-Elmi's behalf, however, because she is not an attorney, Warsame cannot proceed without counsel. Dkt. No. 16 at 4. As a result, the Court ordered Warsame to obtain counsel within 21 days and maintained the previously issued temporary restraining order (TRO) staying Sheikh-Elmi's removal for seven days until May 20, 2025. *Id.* at 5.

ORDER ON PENDING MOTIONS - 1

On May 14, 2025, Warsame moved for reconsideration and asked the Court to extend the TRO. Dkt. No. 21. Warsame also asks the Court to appoint counsel. Dkt. No. 22.

On May 16, 2025, Respondents Northwest ICE Processing Center and Pamela Bondi (collectively, "the Government") filed a status report and accompanying declaration of Susan Dibbins. Dkt. Nos. 24, 24-1. Dibbins attests that the Administrative Appeals Office dismissed Sheikh-Elmi's TPS appeal and upheld the denial. Dkt. No. 24-1 ¶ 6.

## 2. DISCUSSION

### 2.1   Motion for reconsideration.

"Motions for reconsideration are disfavored," LCR 7(h)(1), and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)). "Whether . . . to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Warsame does not challenge the Court's conclusion that as a non-lawyer, she cannot represent her son in federal court. Rather, she seeks to extend the temporary protection previously afforded to allow additional time to secure counsel. But the Court cannot extend the TRO based on current circumstances. The

intervening dismissal of Sheikh-Elmi's TPS appeal fundamentally alters the legal landscape. The Court's initial finding of "serious questions going to the merits of whether [Sheikh-Elmi] is removable during the pendency of his TPS appeal," Dkt. No. 11 at 7, is no longer viable given that the appeal has concluded, Dkt. No. 24. The Court had extended the TRO for a limited period in recognition of the urgency Warsame presented and to account for transmittal time, but extending this protection further is not tenable given these changed circumstances.

The Court appreciates the difficulties Warsame faces in securing representation, but she has not presented newly discovered evidence or demonstrated that the Court committed clear error. The Court is bound to follow applicable law and cannot extend preliminary relief absent proper legal grounds. As a result, the Court denies Warsame's motion for reconsideration.

**2.2     Striking the preliminary injunction motion.**

Given that Warsame cannot represent Sheikh-Elmi without counsel, she also lacks authority to file substantive motions on his behalf. Federal courts consistently hold that a non-attorney has "no authority to appear as an attorney for others than [her]self." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). This prohibition extends to filing motions on behalf of another person.

Because the preliminary injunction motion was filed by a non-attorney acting on behalf of another person, it was improperly filed and must be struck. The Court thus strikes the pending preliminary injunction motion. Dkt. No. 4.

ORDER ON PENDING MOTIONS - 3

**2.3    Motion to appoint counsel.**

The constitutional right to appointed counsel "exist[s] only where the litigant may lose [their] physical liberty if [they lose] the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). In its discretion, a court may appoint counsel for indigent litigants in civil actions proceeding in forma pauperis (IFP) under 28 U.S.C. § 1915(e)(1). *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). But the Court cannot compel counsel to provide representation. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Instead, the Court may only "request" counsel to serve. 28 U.S.C. § 1915(e)(1). The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [their] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these factors is dispositive, and the factors must be viewed together before deciding on the appointment of counsel. *Id.* at 1331.

Warsame argues that Sheikh-Elmi faces "imminent risk of deportation while his TPS appeal is still pending" and that "[t]his case involves complex constitutional and immigration issues, including due process rights and access to medical and legal protection." Dkt. No. 22 at 2–3. But, as noted above, the Government has

ORDER ON PENDING MOTIONS - 4

confirmed that Sheikh-Elmi's TPS appeal was denied. Dkt. No. 24. This development eliminates the due process concerns Warsame raised on her son's behalf. While the Court understands Warsame's desire to keep her son in the United States, she has identified no viable legal claims that would warrant a referral to the pro bono panel. Given these circumstances, the Court cannot find exceptional circumstances warranting pro bono appointment. Accordingly, the Court denies Warsame's motion.

### 3.  CONCLUSION

In sum, the Court DENIES Warsame's motion for reconsideration, Dkt. No. 21, and motion to appoint counsel, Dkt. No. 22. Because Warsame cannot proceed in this action without an attorney, the Court STRIKES her motion for a preliminary injunction as improperly filed, Dkt. No. 4. The action remains pending through June 3, 2025, to allow Warsame the opportunity to secure counsel as previously ordered. Dkt. No. 16 at 5.

Dated this 22nd day of May, 2025.

Jamal N. Whitehead
United States District Judge